# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

Arnouse Digital Devices Corp.

          Plaintiff,

v.

Motorola Mobility, Inc.

          Defendant.

Civil Action No.: 5:11-cv-155-cr

## DEFENDANT MOTOROLA MOBILITY'S RESPONSE TO PLAINTIFF ARNOUSE DIGITAL DEVICES CORPORATION'S MOTION TO STAY

      Defendant Motorola Mobility LLC ("Motorola") files this response to Plaintiff Arnouse Digital Devices Corp.'s ("Arnouse") Motion to Stay Litigation. (D.E. 59) Motorola agrees that a stay of this action pending the outcome of the *inter partes* review ("IPR") proceeding, requested by Motorola, may aid this Court in its consideration of the substantive issues raised in the litigation, but Motorola asked Arnouse to first file its Answer to Motorola's Second Amended Counterclaim (D.E. 57), which the Court recently granted Motorola leave to file. (Exh. A – Steve Moore email.)

      Motorola's Second Amended Counterclaim recites basic allegations regarding characteristics of the accused devices. These allegations go to the heart of whether Arnouse admits or denies that several limitations of the patent claims are missing from the accused devices when they are paired. Arnouse's answers to these allegations are relevant to the IPR proceeding because in an IPR (unlike in litigation), claim terms are interpreted under a "broadest reasonable construction" standard. *See* 37 C.F.R. § 42.100(b). Arnouse's own interpretation of

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT
05402-0988
(802) 864-5751

its patent's claims, as evidenced by the features it contends infringe those claims, is well within the scope of the broadest reasonable construction standard. For example, the use of a Patent Owner's admission such as this is well-established in *inter partes* Reexamination practice, which applies the same standard. *See* Manual of Patent Examination and Procedure § 2617 and § 2258; *see also* 37 C.F.R. § 1.104(c)(3).

For this reason, in the petition requesting IPR, Motorola specifically identified the nature of Arnouse's infringement allegations as supporting Motorola's invalidity arguments in view of certain prior art. (*See, e.g.*, Exh. B – petition requesting IPR, pp. 38-42.) For example, the petition describes how U.S. Patent No. 6,999,792 to Warren discloses a device that, like the devices accused in this case, clearly has input and output means. (*Id*. at p. 42.) But, as Arnouse has alleged with regard to Motorola's products, the input means on the device described in Warren either are inactive or are not usable when paired with a dock. (*Id*. at pp. 42-45.) Thus, if Arnouse answers Motorola's Second Amended Counterclaim by admitting or denying what features it agrees or disputes are present in the accused devices, Arnouse's responses will be relevant to the consideration of at least the section of the petition that addresses this prior art reference. Accordingly, a complete Answer to Motorola's Second Amended Counterclaim will facilitate the IPR proceeding and, thus, will render that proceeding of more assistance to this Court in resolving this action.

## **CONCLUSION**

For the reasons discussed above, Motorola does not oppose a stay of this matter, pending resolution of the IPR proceeding, after Arnouse has Answered Motorola's Second Amended Counterclaim.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT
05402-0988
(802) 864-5751

Respectfully submitted this 19th day of October 2012.

*Attorneys for Defendant Motorola Mobility, Inc.*

*/s/ Samuel Hoar, Jr.*

Samuel Hoar, Jr., Esq.
DINSE, KNAPP, MCANDREW, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
Telephone: (802) 864-5751
Shoar@Dinse.com

Steven D. Moore, Esq.
North Carolina Bar No.: 23367
Matias Ferrario, Esq.
North Carolina Bar No.: 38723
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7431
Facsimile: (336) 607-7500
smoore@kilpatricktownsend.com
mferrario@kilpatricktownsend.com

## CERTIFICATE OF SERVICE

I, Samuel Hoar, Jr., Esq., certify that on October 19, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

R. Bradford Fawley, Esq.

Lawrence H. Meier, Esq.

Matias Ferrario, Esq.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT
05402-0988
(802) 864-5751

{B0958920.1 13925-0001}

3

Andrew D. Manitsky, Esq.

Steven D. Moore, Esq.

A copy of the foregoing has also been served upon the following parties by mailing a copy thereof via email, to counsel of record at:

None.

DINSE, KNAPP & McANDREW, P.C.

_____/s/ Samuel Hoar, Jr._____
Samuel Hoar, Jr., Esq.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT
05402-0988
(802) 864-5751

{B0958920.1 13925-0001}

4